_jjKLEES, Chief Judge.
Plaintiff Jocelyn Green appeals a judgment of the trial court granting summary judgment in favor of defendant, the Louisiana State University Board of Supervisors (“the Board”).[1] We affirm.
Jocelyn Green began working for UNO in 1993 as the Associate Director of the Office of Student Financial Aid. In 1994, after the director resigned, she was appointed Acting Director of the office. She maintained this position for more than one year, when, after an advertised search for a new director, she was offered the position. On January 17, 1996, Ms. Green received a letter authored by David Shroyer, Assistant Vice Chancellor for Enrollment Management. The letter read in its entirety:
| January 17,1996
Mrs. Jocelyn W. Green
University of New Orleans
Office of Student Financial Aid
New Orleans, LA 70148
Re: Letter of Offer
Dear Mrs. Green:
I am pleased to offer you the position of Director of Student Financial Aid for the period beginning January 16, 1996, subject to the final approval of the LSU Board of Supervisors. This position is a full-time fiscal year position and the fiscal year salary is $48,000.00.
This appointment is subject to the final approval of the LSU Board of Supervisors. Assuming funds are available, and assuming that you receive satisfactory or better performance appraisals, the appointment may be continued on a year to year basis. We hope and trust that, on the bases indicated, we can offer such a continued appointment, and that you will accept further appointment. You are already familiar with the Louisiana State Employee Retirement System, and are already enrolled in it. You are also aware of and participate in the various university-sponsored insurance and health coverages which best meet your needs. You are, however, encouraged to speak with persons in the Office of Human Resources should you wish to change or revise these. You also have a copy of the UNO Faculty Handbook which covers university policies affecting faculty and staff.
I look forward to continuing our close and productive professional relationship as you continue to serve and grow as a member of our Enrollment Management family, but now in the more critical and sensitive administrative role of Director of Student Financial Aid.
I need not remind you of how important the efficient operation of the Student Financial Aid Office is to the University and our students, nor how very important it is that we continue to develop our staff team *197 through ongoing training and close supervision. We must become ever more conscious of improving our customer service, audit-readiness, and technological proficiency. Highest priorities for the coming period must be:
1. Customer Service
2. Acquiring new financial aid software.
3. Implementing a Voice Response Inquiry system for the office.
4-. Implementing a Electronic Funds Transfer capability.
5. Training and cross-training of professional staff.
6. Securing state-of-the-art PC’s for staff.
|s7- Sprucing up the Financial Aid Office suite to be brighter and more welcoming both for our hardworking staff but particularly for our students.
Together, we have made immense progress in the nearly two years since you began as Acting Director. Now we must keep these priorities before us, pressing them forward every single day. If we do this, we’ll have the best office and the best staff in the state.
If you accept this offer, as indicated by the terms of this letter, please indicate your acceptance by signing in the space provided. Please return one signed copy to me.
Sincerely,
David Shroyer
Assistant Vice Chancellor for
Enrollment Management
AGREED AND ACCEPTED:
Jocelyn Green Date
cc: Dr. Louis V. Paradise, Provost
On October 31, 1996, Ms. Green received a memorandum from Louis V. Paradise, provost of the university, terminating her employment as of November 30, 1996.
Ms. Green filed suit against the University and the Board alleging that the letter she received from David Shroyer was a written offer of employment for a definite term, UNO’s fiscal year, which was accepted by her. The contract renewed by its own terms on July 1, 1996, because, by statute, the UNO fiscal year runs from July 1 until June 30. She alleged that the employment contract was breached when she was fired before the end of the term, and claimed that she was entitled to her salary for the remainder of the fiscal year ending June 30, 1996. Ms. Green also claimed that she lost the opportunity to renew the contract because of UNO’s breach, and that she suffered a loss of standing in the community, mental anguish and distress.
|4The Board maintained that the letter sent to Ms. Green was merely an offer of employment confirming the salary to be paid. The letter did not set forth a specific term for employment, but rather signified that Ms. Green would be paid on a twelve-month basis. The Board moved for summary judgment contending that there were no genuine issues of material fact as to the existence of an employment contract. The Board offered the affidavits of David Shroyer, who authored the January 17, 1996 letter and Henry Dillon, Director of Human Resources Management at UNO in support of the motion. The trial court granted summary judgment on April 24, 1998. On April 28, 1998, in response to Ms. Green’s motion for written reasons, the trial court stated its finding that the letter dated January 17, 1996 “merely confirmed the offer of employment to Ms. Green and was not an employment contract.” Ms. Green appeals this final judgment.
On appeal, Ms. Green contends that the trial court erred in finding that the Janu *198 ary 17, 1996, letter she received from David Shroyer was not an employment contract. Ms. Green argues that the statement, “[t]his position is a full-time fiscal year position” contained in the letter from Mr. Shroyer connotes a definite term. Ms. Green’s argument is without merit.
Courts of appeal review summary judgments de novo. Smith v. Our Lady of the Lake Hosp., Inc., 93-2512 (La.7/5/94), 639 So.2d 730. The summary judgment article provides that the burden of proof remains with the mover. However, if the mover will not bear the burden of proof at trial, he only need demonstrate the absence of factual support for one or more of the elements essential to the adverse party’s claim. If this is accomplished, the burden shifts to the adverse party to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. If he fails to do so, the mover is entitled to summary judgment. La.Code Civ. Proc. art. 966 C(2).
l,Jn support of the motion for summary judgment, Mr. Shroyer attested that on January 17, 1996, he sent a letter of offer to Ms. Green, that this letter was an offer to establish Ms. Green’s salary, and that the letter was a “job offer” for an indefinite time period. He also attested that the letter was not an employment contract for a definite term. Mr. Dillon attested that, based on his knowledge, UNO used the term “fiscal” to refer to an employee’s pay type and the frequency of paychecks received. Thus, according to Mr. Dillon, a “fiscal employee” is one who is paid on a twelve-month basis, as opposed to those employees paid on a nine-month basis, or bi-weekly! He further attested that unclassified/non-classified employees hold their positions at the pleasure of the Louisiana State Board of Supervisors and such employees may be terminated upon thirty days written notice.
In opposition to the summary judgment motion, Ms. Green argues that “both the contract and our State statutes are clear and unambiguous in the provision of its term. The contract clearly states that it is for a fiscal-year and appellees who drafted it must be bound.” Ms. Green offered her affidavit to the effect that she understood the letter to be an offer for a contract of employment for a full fiscal year, July 1 through June 30.
However, the letter sent to Ms. Green offering her a position was dated January 17, 1996 which is the middle of the fiscal year. There is no evidence that the offer was renewed in June for the following fiscal year. Further, in light of Mr. Shroyer and Mr. Dillon’s testimony, we find that Ms. Green failed to produce sufficient factual support to satisfy her eviden-tiary burden of proof at trial that “a full-time fiscal year position” is a definite term of twelve months beginning on January 16, 1996.
| ¡^Accordingly, we affirm the trial court’s decision granting the LSU Board of Supervisors’ Motion for Summary Judgment.
AFFIRMED.
LANDRIEU, J„ CONCURS, with reasons.
MURRAY, J., DISSENTS, WITH REASONS.

. Although the motion for summary judgment was brought on behalf of the University of New Orleans and the LSU Board of Supervisors, the record reveals that the University of New Orleans was dismissed from the suit by judgment dated April 7, 1997, pursuant to exceptions of no cause of action and no right of action.